UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE MANUEL SANCHEZ PANORA,

Petitioner,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Attorney General of the United States*; TODD M. LYONS, *Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement*; RAUL MALDONADO, JR., *Warden, Metropolitan Detention Center Brooklyn, in his official capacity*,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
26-CV-3425 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Jose Manuel Sanchez Panora is a 47-year-old Ecuadoran national who entered the United States on December 5, 2022 and has continually resided in the country ever since. On June 2, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") while attending a previously scheduled check-in. He was first held at 26 Federal Plaza in Manhattan and subsequently transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he is presently detained.

On June 8, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from

1

detention. In his Petition, Petitioner notes that he requested a custody determination review by an immigration judge the same day that he was detained by ICE, but has yet to receive an individualized bond hearing. Pet. ¶ 15. He also indicates that he is scheduled to appear before an immigration judge on June 12, 2026, during a master calendar regarding removal proceedings against him. *Id.* ¶ 16.

The case was assigned to the undersigned on June 9, 2026, at which time the Court issued an Order to Show Cause, ECF No. 4, directing Respondents to file, by 9:00 AM on June 11, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Second Circuit's decision in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), if Respondents assert the authority to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2); and (4) addressing whether Petitioner's case is distinguishable from the decision of this Court in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), if Respondents assert the authority to detain Petitioner pursuant to 8 U.S.C. § 1226(a). This Order also included Electronic Service upon the United States Attorney's Office for the Eastern District of New York ("EDNY USAO"). *See* ECF No. 4.

The Court further directed that, if Respondents asserted no basis to distinguish this Petition from the Second Circuit's analysis in *Cunha* or this Court's decision in *H.A.C.F.*, the submission could take the form of a letter so stating, and

2

indicating whether Respondents continue to oppose issuance of the writ. Finally, the Court's June 9, 2026 Order directed Respondents, in the event they took the position that this case is distinguishable from *Cunha* or *H.A.C.F.*, to respond to the Petition and to show cause as to why it should not be granted on or before June 15, 2026 at 9:00 AM; to further affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those three facts.

During the evening of June 10, 2026, Respondents sought a business day's extension of their initial submission deadline in response to the Court's June 9, 2026 Order to Show Cause. ECF No. 7. Respondents stated that a proposed summons filed by Petitioner was not issued until June 10, 2026, and that the extension was needed to obtain relevant information responsive to the Court's Order to Show Cause. *Id.* at 1. Respondents were unable to obtain Petitioner's consent in advance of filing the extension request. *Id.* On June 11, 2026, the Court acknowledged the government's letter and observed (1) that the EDNY USAO was independently notified of its Order to Show Cause and (2) that Petitioner's position regarding the extension request was missing from the letter. Order dated June 11, 2026 ("Order I granting extension in part"). Nonetheless, it granted Respondents until 6:00 PM on June 11, 2026 to file their initial submission. *Id.*

At 5:10 PM that same day, Respondents requested another business day's extension to their initial submission deadline. ECF No. 8. This request was filed with Petitioner's consent and reiterated that additional time was needed to obtain

3

information relevant to the Court's Order to Show Cause. *Id.* at 1. The Court noted that it had previously denied the request for a business day deadline extension and that Respondents "offer[ed] no new grounds to justify their renewed request." Order dated June 11, 2026 ("Order II granting extension in part"). Nevertheless, the Court extended Respondents' initial submission deadline to 9:00 AM on June 12, 2026. *Id.*

Respondents filed their initial submission on June 12, 2026 at 9:42 AM (after the Court's twice-extended deadline). ECF No. 10.[1] Counsel for the government informed the Court that ICE is invoking detention authority under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2. However, counsel further stated that — in counsel's view, and in light of the Second Circuit's decision in *Cunha* and this Court's decision in *H.A.C.F.* — Petitioner is in fact being detained under § 1226(a).

Counsel for Respondents is correct that, as the Second Circuit made clear in *Cunha*, because Petitioner has been living continuously in the United States and is not "seeking admission" into the country, his "detention is governed by Section 1226[.]" *Cunha*, 175 F.4th at 71. Accordingly, "he is entitled to a bond hearing." *Id.*

Petitioner has now been detained for ten days, and Respondents have not

---

[1] Respondents also included a number of attachments to their initial submission, which indicate that Petitioner was taken into Customs and Border Patrol custody upon entering the United States on December 5, 2022. *See* ECF No. 10 at 1; ECF No. 10-2 ("Ex. B") at 2; ECF No. 10-3 ("Ex. C") at 3. He was paroled on December 13, 2022 and subsequently enrolled in an Alternatives to Detention program, in which he was subject to electronic monitoring and a curfew. ECF No. 10 at 1–2; Ex. B at 2–3; Ex. C at 2. According to Respondents, Petitioner's parole from custody expired on February 13, 2023. ECF No. 10 at 2; Ex. B at 3.

provided him with a bond hearing. More fundamentally, they have not alleged that they provided Petitioner with a *pre*-detention bond hearing before a neutral magistrate, which this Court found in *H.A.C.F.* and *Hyppolite v. Noem*, 808 F. Supp. 3d 474 (E.D.N.Y. 2025), is required for persons similarly situated to Petitioner. "Specifically, § 1226(a)'s implementing regulations require an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or persons' and (2) is 'likely to appear for any future proceeding.'" *Hyppolite*, 2025 WL 2829511, at *13 (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Artiga v. Genalo*, No. 25-CV-5208 (OEM), 2025 WL 2829434, at *8–9 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493–95 (S.D.N.Y. Aug. 13, 2025); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924 (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025); *cf. Cunha*, 2026 WL 1146044, at *22 n.11 (noting that "Section 1226(a) requires" "an initial bond determination"). Accordingly, as it did in *Hyppolite* and *H.A.C.F.*, the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner has resided in the United States since December 5, 2022, and is therefore entitled to a pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 808 F. Supp. 3d 490–95.[2]

---

[2] Nor have Respondents contended that Petitioner has a bond hearing scheduled for a future date. The master calendar hearing scheduled for June 12, 2026 (the same date for which Respondents sought and obtained an extension of time to file their initial response to the Petition) appears to relate to the charge of removability against Petitioner. ECF No. 10-5 ("Ex. E") at 2 (stating that Petitioner

This Court in *Hyppolite* concluded that § 1226(a) and the Due Process Clause require that noncitizens be given notice and a bond hearing prior to, or contemporaneously with, their detention. *See Hyppolite*, 808 F. Supp. 3d at 491–95. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the conclusion reached by many other courts in this circuit. *See, e.g.*, *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (holding that a "custody redetermination hearing" is "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause" (internal quotation omitted)); *Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that "the Government's violation of Petitioner's constitutional rights originated with her detention in the first instance," and that "a [post-deprivation] bond hearing could not cure that constitutional violation"); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 318 (E.D.N.Y. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494–95 (S.D.N.Y. 2025); *Singh v. Maldonado*, No. 26-CV-00019 (OEM), 2026 WL 233216, at *8–10 (E.D.N.Y. Jan. 29, 2026); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 405 (E.D.N.Y.

is "ordered to appear before an immigration judge of the United States Department of Justice . . . to show why [he] should not be removed from the United States based on the charge(s) set forth above" (citation modified)). Respondents do not assert that this court appearance will include an individualized bond hearing as required by *Cunha*. Regardless, as noted *supra*, the possibility that Petitioner might be able to make an application for bond at that hearing, only after he has already been detained in jail for ten days, is insufficient to satisfy the Due Process Clause.

2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026). The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite* and *H.A.C.F.*

Finally, the Court has also weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 10:00 AM on June 13, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to

have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 1:00 PM on the same date (June 13, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

The Court's earlier order scheduling a hearing for June 18, 2026 is hereby vacated in light of the Court's resolution of the merits of the petition. Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**


Dated:     June 12, 2026              _/s/ Nina R. Morrison_
           Brooklyn, New York        Nina R. Morrison
                                     United States District Judge